UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARRY KOCHAN,

    Plaintiff,                                    CIVIL ACTION NO. 06-CV-11932

   v.                                             DISTRICT JUDGE LAWRENCE P. ZATKOFF
                                                      MAGISTRATE JUDGE DONALD A. SCHEER
COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.

_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

<u>RECOMMENDATION</u>: Plaintiff's Motion for Summary Judgment should be DENIED, and that of Defendant GRANTED, as there was substantial evidence on the record that claimant retained the residual functional capacity for a limited range of light work.

\* \* \*

Plaintiff filed applications for Social Security Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) benefits on August 25, 2004, alleging that he had become disabled and unable to work on July 17, 2004, at age 38, due to severe leg pain. Benefits were denied by the Social Security Administration. A requested <u>de</u> <u>novo</u> hearing was held on July 11, 2005, before Administrative Law Judge (ALJ) Cynthia Minter. The ALJ found that the claimant retained the residual functional capacity to perform a limited range of light work providing a sit-stand option. Plaintiff was found to be unable to squat or repetitively climb stairs and ladders. The claimant was also restricted from working above ground level. The Appeals Council declined to review that decision and Plaintiff

commenced the instant action for judicial review of the denial of benefits. The parties have filed Motions for Summary Judgment and the issue for review is whether Defendant's denial of benefits was supported by substantial evidence on the record.

Plaintiff was 39 years old at the time of the administrative hearing. He had been graduated from high school, and had been employed during the relevant past as a truck driver (TR 73, 77, 289). As a truck driver, he did a good deal of sitting. He had to constantly bend down and reach over his head. He was required to lift upwards of 80 pounds on a regular basis (TR 74, 290). Claimant stopped working in July 2004, due to severe bilateral leg pain and numbness (TR 291). He underwent multiple surgeries to remove a blood clot in his right leg, and to repair aneurysms in arteries supplying blood to both lower extremities (TR 166-176). Following these procedures, Plaintiff testified that he remained disabled due to severe pain and weakness in his legs (TR 291, 300).

The claimant estimated that he could stand for just 15 minutes and walk for one block before needing to rest (TR 292-294). He testified that he needed to recline with his legs elevated for up to 45 minutes at least four times a day in order to get any pain relief (TR 295-296). Plaintiff acknowledged that he could still lift about 50 pounds, but he did not believe he could do so on a regular basis (TR 296-297). The claimant was also able to mow his lawn and do some yard work, but he claimed that it took him up to four hours to complete the work (TR 301).

A Vocational Expert, Stephanee Leech, classified Plaintiff's past work as medium to heavy, semi-skilled activity (TR 305). The witness testified that there were no jobs for claimant to perform if his testimony were fully accepted (TR 309).[1] If he were capable of

---

[1] The witness opined that claimant's alleged need to lie down with his feet elevated periodically throughout the day would preclude all work activity (TR 309).

2

light work, however, there were numerous truck driving, courier, assembly, packaging and inspector jobs that he could still perform with minimal vocational adjustment (TR 309-310). These jobs provided a sit-stand option, and did not require any repetitive climbing of stairs or ladders. The jobs also did not require much squatting or working above ground level(TR 306).

LAW JUDGE'S DETERMINATION

The Administrative Law Judge found that Plaintiff was impaired as a result of chronic leg pain, but that he did not have an impairment or combination of impairments severe enough to meet or equal the Listing of Impairments. The ALJ recognized that claimant's leg discomfort prevented him from performing jobs requiring him to sit or stand for prolonged periods. He was further limited in his ability to repetitively climb stairs or ladders and in the capacity to squat or work at heights. The Law Judge found that the claimant retained the residual functional capacity to perform a significant number of light jobs[2], as identified by the Vocational Expert.

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review the Commissioner's decisions. Judicial review of those decisions is limited to determining whether her findings are supported by substantial evidence and whether she employed the

---

[2]Light work activity is defined as the ability to lift no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job in this category sometimes requires a good deal of walking or standing, or involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, a person must have the ability to do substantially all of these activities. If someone can do light work, the Commissioner will find that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

3

proper legal standards. Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence is more than a scintilla but less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. See Kirk v. Secretary, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983). This court does not try the case de novo, resolve conflicts in the evidence, or decide questions of credibility. See Brainard v. Secretary, 889 F.2d 679, 681 (6th Cir. 1989); Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. Kirk, 667 F.2d at 536. If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if even substantial evidence also supports the opposite conclusion, Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc), Casey v. Secretary, 987 F.2d 1230 (6th Cir. 1993), and even if the reviewing court would decide the matter differently, Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir. 1983).

In the instant case, Plaintiff maintains he is disabled as a result of chronic leg pain. The law is clear, however, that the mere existence of an impairment, even a severe one, will not entitle the claimant to disability benefits unless the impairment prevents him from returning to his previous work or any other substantial, gainful activity existing in the national economy, considering his age, education and work experience. 42 U.S.C. § 423(d)(2)(A), 20 C.F.R. § 416.1505 (2006).

DISCUSSION AND ANALYSIS

A claimant's subjective allegations of disabling pain are insufficient, by themselves, to support a claim for benefits. Sizemore v. Secretary, 865 F.2d 709, 713 (6th Cir. 1988).

Pain alone can be disabling if it is severe enough to preclude all substantial, gainful activity, but the symptoms must be substantiated by some objective, clinical or laboratory findings. Hurst v. Secretary, 753 F.2d 517, 519 (6th Cir. 1985). Where, as here, the claimant alleges disability as a result of severe pain, the Sixth Circuit has established a standard to evaluate those complaints. Under that standard, a claimant has the burden of providing objective evidence confirming the severity of the alleged pain, or establishing that the medical condition is of such a kind and severity that it could reasonably be expected to produce the allegedly disabling pain. Duncan v. Secretary, 801 F.2d 847, 853 (6th Cir. 1986), McCormick v. Secretary, 861 F.2d 998, 1002-1003 (6th Cir. 1988).

Substantial evidence existed on the record supporting the Commissioner's conclusion that Plaintiff retained the residual functional capacity for a restricted range of light work providing a sit-stand option. Contrary to Plaintiff's assertion, the medical evidence did not support his allegations of disabling leg pain and weakness.

The medical record is largely limited to Plaintiff's complaints of leg pain and numbness, symptoms which were successfully corrected by surgeries in the fall of 2004 (TR 153-220). By January 2005, Plaintiff's surgeon, Dr Geraldo Reyes, found "excellent" pedal pulses upon palpation of the feet, which indicates a relatively good prognosis for recovery (TR 156). Dr. Mari Jurado, a specialist in rehabilitation services, reported on February 7, 2005, that Plaintiff exhibited normal strength and range of motion in his back, hips, knees and ankles (TR 241). Plaintiff felt so much better following his leg surgery that he called Dr. Reyes' office in January 2005, seeking medical authorization to return to work (TR 156). Given Plaintiff's quick recovery and overall improvement after his leg aneurysms were repaired, Dr. Jurado simply recommended continued conditioning and exercise

therapy to help reduce any lingering pain and leg numbness (TR 243). In light of this medical evidence[3], the Commissioner could reasonably conclude that Plaintiff's subjective complaints of persistent, severe, totally disabling leg pain and fatigue were not fully credible.

It is the rare case, the exception, in which every piece of evidence points incontrovertibly towards a decision to deny benefits. There was evidence in the record which, taken in isolation, might suggest that the Plaintiff was totally disabled and that his testimony was fully credible. However, special deference is owed to the credibility findings of the ALJ, who was the only one who had the opportunity to observe the demeanor of the witness, evaluate what was said and how it was said, and to consider how that testimony fit in with the rest of the medical evidence. Such observation is invaluable and should not be discarded lightly. Beavers v. Secretary, 577 F.2d 383 (6th Cir. 1978). See also Williamson v. Secretary, 796 F.2d 146, 150 (6th Cir. 1986).

By establishing that he could not return to his past relevant work, the Plaintiff here effectively shifted to the Commissioner the burden of proving that he had the vocational qualifications to perform alternative jobs in the economy, notwithstanding his various impairments. The Commissioner, however, met her burden of proving the existence of jobs

---

[3]In cases where, as here, the Appeals Council declines to review the ALJ's decision, judicial review is limited to the evidence that was part of the record before the Administrative Law Judge. Cotton v. Sullivan, 2 F.3rd 692 (6th Cir. 1993); Casey v. Secretary, 987 F.2d 1230, 1233 (6th Cir. 1993); Wyatt v. Secretary, 974 F.2d 680, 685 (6th Cir. 1993). Consequently, the evidence attached to Plaintiff's Motion for Summary Judgment was not considered by the undersigned. Moreover, Plaintiff has not specifically requested a sentence six remand to consider the additional medical evidence, nor has he shown that the records were new and material in order to justify a remand.

which accommodated claimant's known restrictions. In response to a hypothetical question[4] that took into consideration claimant's educational and vocational background, along with his significant impairments, the Vocational Expert testified that there were numerous unskilled truck driving, courier, assembly, packing and inspector jobs that Plaintiff could still perform with minimal vocational adjustment (TR 309-310). These jobs provided a sit-stand option, and did require any repetitive climbing of stairs or ladders. The jobs did not require much squatting or working at unprotected heights(TR 306). Given the objective clinical findings of the examining physicians of record, substantial evidence existed on the record that Plaintiff retained the residual functional capacity for a restricted range of light work activity.

In sum, the Commissioner's decision to deny benefits was within the range of discretion allowed by law and there is simply insufficient evidence for the undersigned to find otherwise.  Accordingly, Plaintiff's Motion for Summary Judgment should be denied, that of Defendant granted and the instant Complaint dismissed.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal.  United States v. Walters, 638 F.2d 947 (6th Cir.

---

[4]The Administrative Law Judge's hypothetical questions to the Vocational Expert (VE) accurately described Plaintiff's moderate limitations caused by his leg pain and weakness. There was no medical evidence supporting Plaintiff's assertion that he needed to lie down for extended periods of time with his legs elevated in order to relieve chronic pain and fatigue. The VE testified that  the majority of the jobs identified allowed a sit-stand option and precluded repetitive climbing of stairs and ladders (TR 308). The Sixth Circuit has held that hypothetical questions to experts are not required to included lists of claimant's medical conditions.  Webb v. Commissioner, 368 F.3d 629, 633 (6th Cir. 2004). Under these circumstances, the ALJ's hypothetical question accurately portrayed Plaintiff's impairment.

7

1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991).  Pursuant to Rule 72.1 (d)(2) of the Local Rules of the United States District Court for the Eastern District of Michigan, a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than five (5) pages in length unless by motion and order such page limits are extended by the Court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                             s/Donald A. Scheer
                                             DONALD A. SCHEER
                                             UNITED STATES MAGISTRATE JUDGE

DATED: October 17, 2006

_____

### CERTIFICATE OF SERVICE

     I hereby certify on October 17, 2006 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically.  I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on October 17, 2006.  **None.**

                                      s/Michael E. Lang
                                      Deputy Clerk to
                                      Magistrate Judge Donald A. Scheer
                                      (313) 234-5217